

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 1, 2010

Lyle W. Cayce, Clerk
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  *Ivan Cantu v. Rick Thaler*, No. 09-70017

Dear Mr. Cayce:

I am notifying the panel and opposing counsel of other relevant authority that has come to my attention after briefing in this appeal. *See* Fed. R. App. P. 28(j).

Where a federal habeas petitioner's gateway claim of actual innocence fails to meet the federal standard, that claim also likely will not meet the Texas actual-innocence standard for a subsequent habeas petition. *See Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. March 23, 2010) (DeMoss, Stewart, and Prado, JJ.) (referring to the federal innocence standard, court notes that petitioner cannot show that state court would grant subsequent application on innocence grounds); *see also* Tex. Code Crim. Proc. art. 11.071, § 5(a)(2) (West 2010). And where that claim does not meet the state actual-innocence standard, that claim also does not meet the standard for a stay and abeyance. *See Williams*, 602 F.3d at 309 (noting that where petitioner seeks stay and abeyance in connection with his innocence-based claim, where he fails to meet the innocence standard, the claim is not entitled to a stay and abeyance); *see also Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Cantu alleges that he received ineffective assistance when counsel at guilt-innocence failed to present evidence of innocence. The claim has never been presented to the state courts. If this Court determines that Cantu's actual-innocence allegations are not sufficient to meet the federal innocence standard allowing for an avoidance of a default, *see House v. Bell*, 547 U.S. 518, 536–37 (2006), this Court can also determine that the claim will not meet the state standard for innocence-based subsequent state habeas application. *See* Art. 11.071, § 5(a)(2). And this Court can determine that Cantu is not entitled to a stay and abeyance because the ineffective-assistance claim lacks merit. *See Rhines*, 544 U.S. at 277–78.

Lyle W. Cayce, Clerk
October 1, 2010
Page 2

A copy of this letter has been served on counsel for the Petitioner-Appellant by the Court's electronic filing notification system. As always, I thank you for your kind assistance.

Sincerely,

THOMAS M. JONES
Assistant Attorney General
Postconviction Litigation Division

TMJ/meg

cc:  Gena Bunn
     Holmes & Moore, P.L.L.C.
     110 W. Methvin St.
     Longview TX 75601